# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:13-cr-138

                                          District Judge Timothy S. Black
- vs -                                  Magistrate Judge Michael R. Merz

LARRY HARRIS,

                Defendant.      :

# REPORT AND RECOMMENDATIONS;
# ORDER REVOKING RELEASE

The above-captioned action was referred to the undersigned under Fed. R. Crim. P. 59 for waiver of indictment and change of plea proceedings. Defendant orally consented to proceed before the United States Magistrate Judge for this proceeding.

Defendant knowingly, intelligently, and voluntarily waived indictment.

The undersigned examined Defendant under oath as to his understanding of the Plea Agreement and the effect of entering a plea pursuant to that Agreement. Having conducted the colloquy, the Magistrate Judge is persuaded the Defendant understands the rights waived by entering a guilty plea and is competent to do so. The Magistrate Judge also concludes that execution of the Plea Agreement, which was done in open court, is Defendant's voluntary, knowing, and intelligent act. It is therefore respectfully recommended that the Plea Agreement be accepted.

Defendant having executed the Plea Agreement, he tendered a plea of guilty to the offense charged in the Information. The Magistrate Judge concludes the guilty plea is knowing, intelligent, and voluntary and that the Statement of Facts made a part of the Plea Agreement, whose truth Defendant acknowledged, provides a sufficient basis for a finding of guilt. It is therefore respectfully recommended that the guilty plea be accepted and Defendant be found guilty as charged in the Information.

Anticipating the District Court's adoption of this Report and Recommendations, the Magistrate Judge referred the Defendant for a pre-sentence investigation and set sentencing for January 16, 2014, at 10:00 A.M. in Courtroom No. 3.

Upon Report of the Pretrial Services Officer, the Magistrate Judge finds that Defendant has committed numerous violations of the conditions of his release, including many ingestions of illicit controlled substances despite referral for treatment at Nova House and admonishment by both Judge Ovington and Judge Black.  Furthermore, Defendant had not resolved the three outstanding warrants for his arrest issued by the Dayton Municipal Court.

Based upon the evidence presented, the Court finds, pursuant to 18 U.S.C. § 3148(b) that there is probable cause to believe Defendant has repeatedly violate the law while on release by his consumption of illicit controlled substances.  There is further probable cause to believe that Defendant is in contempt of the Dayton Municipal Court by failing to appear and pay fines as ordered.  Based on the Defendant's failure to abide by conditions already imposed and his admission in open court to a statement made to a treatment person that he intended to continue to use until he went to jail, the Court finds by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of the Defendant as required and the safety of the community.

The term "safety of the community" refers to the community's security from criminal conduct by the Defendant, whether violent or not. *United States v. Redd,* Case No. CR-3-00-92 (S.D. Ohio January 22, 2001), *citing United States v. Ramsey*, 110 F. 3d 65, 1997 WL 135443 (6th Cir. March 24, 1997)(unpublished)(when considering the "safety of the community" in the context of pre-trial release, "the courts look to more than whether the defendant has been guilty of physical violence"); *United States v. Vance*, 851 F. 2d 166, 169 (6th Cir. 1988)(recognizing that community safety concerns focus on not only the safety of particular individuals, but also on the safety of the community as a whole).

Accordingly, it is hereby ORDERED that:

1) the Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) the Defendant be afforded reasonable opportunity for private consultation with counsel; and 3) on order of a court of the United States or on request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

Defendants who appeal to a district judge from this Order must, at the same time as filing the appeal, order a transcript of the detention hearing from the court reporter.

September 25, 2013.

                                                s/ *Michael R. Merz*
                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).